ELECTRICAL ACCUMULATOR CO. *v.* JULIEN ELECTRIC CO. *et al.*

(*Circuit Court, S. D. New York.* July 22, 1889.)

1. PATENTS FOR INVENTIONS—PRACTICE—REHEARING.

In an action for the infringement of a patent, an unusually full and explicit notice was given that a disclaimer would in certain contingencies be insisted upon. It was suggested by the proof, and on the hearing complainant even went so far as to suggest the form of the disclaimer. It was never intimated that the record did not sufficiently present the question. *Held,* that a rehearing would not be granted defendants to enable them to take additional testimony and contest the complainant's right to file a disclaimer upon grounds not mentioned at the trial.

2. SAME.

A rehearing was also asked for on the ground that the court erred in holding that the patent, as limited by the disclaimer, disclosed invention, for the reason that the patented device had no advantage over similar devices produced by other means. Several affidavits were presented, none of which stated any new facts except one, and that was controverted by two affidavits produced by complainant. *Held* that, in view of the conflict, and of the facts that the point had been carefully considered on the trial, and that defendants strenuously insisted on the right to use complainant's structures, a rehearing would be denied.

In Equity. On petition for rehearing and demurrer thereto. For former opinion, see 38 Fed. Rep. 117.

*Frederic H. Betts,* for complainant.

*Thomas W. Osborn* and *Edmund Wetmore,* for defendants.

COXE, J. A rehearing is asked upon the following principal grounds: *First.* The court was in error in holding that the patent, as limited by the disclaimer, discloses invention; for the reason that an electrode to which the active material is applied in the form of a paint, paste, or cement has no advantages over electrodes otherwise mechanically coated. This proposition the defendants seek to establish by further experiments, and by the opinions of experts. *Second.* On the ground of newly-discovered evidence. *Third.* Because the complainant should not have been permitted to file a disclaimer. When this enormous record was taken up for examination the court confidently entertained the conviction that it presented a controversy in which nothing relevant to the art in question, which human ingenuity and diligence could supply, had been omitted, and that no proposition of law or fact, actual or contingent, which was germane to the subject, had been neglected or unexplained. Where time and labor have been so lavishly expended, where the presentation of the cause has been so thorough, and where every opportunity has been offered counsel to present their views, the court should be unusually reluctant to reconsider a conclusion deliberately reached. The administration of the law will become vexatious and intolerable if, upon slight pretexts or unsubstantial grounds, parties are permitted, because the decision changes to some extent the *status* of the controversy, to try again and again issues which were, or which might have been, disposed of at the hearing. The notice that a disclaimer

would, in certain contingencies, be insisted upon, was unusually full and explicit. It was suggested by the proof, and at the hearing the defendants were clearly advised, that a disclaimer might be necessary, the complainant even going so far as to suggest its form. The question was orally argued. It was again discussed in the learned and comprehensive brief submitted by the defendants, and the right to file a disclaimer was strenuously controverted. And yet during all this time it was never intimated—as the facts are now recalled—that the record did not sufficiently present the question. That position was taken for the first time after the decision was filed,—nearly five months from the time that actual notice of the proposed disclaimer was first given. The affidavits attached to the petition contain the opinion of several scientific gentlemen to the effect that the first ground for rehearing is well founded. No new facts are presented, except in one instance, and their verity is denied by two affiants for the complainant. Moreover, it appears that upon this proposition the complainant's experts absolutely disagree with the defendants' experts,—a situation not wholly novel in patent causes. If, therefore, the application were granted, it is altogether probable that, after the parties had been put to the trouble and expense of producing another volume of opinions, the court would be constrained to reach the same result as before. The very question now presented was at that time carefully considered. It was thought then, and it is thought now, that Faure's electrodes have certain characteristics so plain that no scientific testimony is necessary to emphasize them, which distinguish them from preceding structures, and that there is room enough in the art for his restricted invention, even after giving Mr. Brush full credit for his experiments. If it be true that Faure's batteries are inferior to or no better than others, the question naturally suggests itself: Why are not the defendants content to use the other batteries? The injunction can do them no harm, and, if they can establish their position before the master, it is not easy to see how they can be seriously injured by an award of damages. The anxiety displayed to use Faure's invention is surely incompatible with the theory that other supports are as good or better than his. Regarding the Pulvermacher patents, it may well be doubted whether a sufficient excuse has been presented for not having before offered them in evidence; but, even were this otherwise, it is entirely clear that they contribute no new fact to the art. It is not pretended that they relate to secondary batteries. What they show as to primary batteries was sufficiently demonstrated before. The subsequent patents granted to Faure may be invalid because of the patent in suit. But, even were they properly in evidence, it is not easy to see why the patent in suit should be invalidated or a disclaimer refused because of them. After an examination of the authorities upon the question of disclaimer, no precedent is found for the practice now suggested by the defendants. The usual course has been followed in this cause. The defendants have had a fair hearing. To open again, in this court, the door of disputation, would be unjust to the complainant. If the defendants deem themselves aggrieved, their remedy is by appeal. A rehearing is denied.